# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

1. CHARLES ALLEN LIGON,

    Plaintiff,

v.

2. CITY OF CHOCTAW POLICE DEPARTMENT and

3. OFFICER ERIC LEE HASKINS,

    Defendants

Case No. CIV-19-1160-F

## COMPLAINT

COMES NOW the Plaintiff, Charles Allen Ligon, and for his causes of action herein alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is Charles Allen Ligon, an adult resident of Oklahoma County in the State of Oklahoma.

2. Defendants are:

    a. The City of Choctaw, Oklahoma;

    b. Officer Eric Lee Haskins, in his individual capacity. Officer Haskins is an officer and/or employee of the City of Choctaw Police Department and at all times pertinent was acting under the color of law.

3. This is a cause of action for a violation of Plaintiff's constitutional rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiff's right to be free from the use of excessive force was taken by government actors and is actionable under 42 U.S.C. § 1983. Jurisdiction over such claims is vested pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Plaintiff's corresponding state law claims arise out of the same core facts and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367.

4. Defendants are located in Oklahoma County, Oklahoma, and all acts complained of occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Court of Oklahoma and, therefore, venue is proper in this Court under 28 U.S.C. § 1391(B).

**STATEMENT OF FACTS**

5. On or about March 21, 2018, Charles Allen Ligon had been arrested and was non-combative when he was being transferred from the Choctaw Police station to the Oklahoma County Detention Center.

6. On or about that same date, Officer Eric Lee Haskins of the Choctaw Police Department struck Plaintiff in the ribs causing injuries.

7. At the time of the strike and leading up to the strike, Plaintiff was non-combative, was not resisting arrest and in no way provoked Officer Haskins leading up to the strike.

8. Officer Haskins' strike was with great force and was not reasonable or necessary to effect the transport of Mr. Ligon to the Oklahoma County Detention Center.

9. A reasonably prudent police officer would not have used the same force against Mr. Ligon that Officer Haskins used and which caused injury to Mr. Ligon.

10. Mr. Ligon's arrest was not related to any violent or aggressive crime.

11. Mr. Ligon did not pose an immediate threat to the safety of Officer Haskins or others.

12. Mr. Ligon was not actively resisting arrest or attempting to evade arrest.

13. Mr. Ligon did not have any reputation of resisting arrest or being combative.

14. The actions by Officer Haskins violated Plaintiff's constitutional rights and caused emotional and physical injuries. These injuries and damages include, but are not limited to, medical bills along with pain and suffering.

15. Defendant Eric Lee Haskins, at all times, was acting under the color of state law.

16. Defendant Eric Lee Haskins was acting pursuant to a custom or policy of the City of Choctaw, and/or the City of Choctaw and its Police Department failed to train, supervise and/or run a background check on Officer Eric Lee Haskins prior to the incident described.

17. On March 19, 2019, Plaintiff filed a Notice of Tort Claim with the Clerk of the City of Choctaw, Oklahoma.

18. On June 18, 2019 Plaintiff's Notice of Tort Claim was deemed denied by operation of law.  This case is timely filed within 180 days thereafter.

## COUNT I

For his first cause of action, Plaintiff alleges as follows:

19. Plaintiff adopts an incorporates the allegations contained in the paragraphs 1 through 18 of the Statement of Facts herein.

20. Defendant Officer Haskins, at all times, was acting pursuant to a custom or policy of Defendant City of Choctaw wherein the City failed to train, supervise and/or run a background check of the police officers of the City of Choctaw.

21. Such policies, implemented by the Defendant City of Choctaw and/or the final decision-maker, constitute violations of the Plaintiff's rights as set forth under the Fourth and Fourteenth Amendments to the United States Constitution, and this claim is brought against the Defendants pursuant to 42 U.S.C. § 1983.

22. As a result of Defendants' actions, custom or policy, Plaintiff has suffered a violation of his rights, severe physical, mental and emotional injury in an amount to be determined by the jury.

## COUNT II

For his second cause of action, Plaintiff alleges as follows:

23. Plaintiff adopts and incorporates the allegations contained in paragraphs 1 through 22 herein.

24. The actions described above constitute a violation of Plaintiff's right to be protected from the use of excessive force under the Fourth and Fourteenth Amendments to

the United States Constitution, and this claim is brought against Defendant Haskins in his individual capacity, pursuant to 42 U.S.C. § 1983.

25. As damages, Plaintiff has suffered severe physical, mental and emotional injury in an amount to be determine by the jury.

26. Such actions by the Defendants were willful or deliberately indifferent, and as such Plaintiff is entitled to punitive damages which should by assessed against the Defendant.

### COUNT III

For his third cause of action, Plaintiff alleges as follows:

27. Plaintiff adopts and incorporates the allegations contained in paragraphs 1 through 26 herein.

28. The Defendants in their interaction with Plaintiff owed Plaintiff a duty of care.

29. Defendants violated their duty of care to the Plaintiff, and as such the actions of Defendants, including but not limited to negligent hiring, training and/or supervision of its officers, resulted in damages to the Plaintiff, including physical injury and severe emotional distress.

30. The actions described above constitute the tort of negligence, and this claim is brought against all Defendants.

31. As damages, Plaintiff has suffered severe physical, mental and emotional injury in an amount to be determined by the jury.

32. Plaintiff is entitled to damages, including punitive damages, to the extent recognized and allowed under the laws of the State of Oklahoma.

## COUNT IV

For his fourth cause of action, Plaintiff alleges as follows:

33. Plaintiff adopts and incorporates the allegations contained in paragraphs 1 through 32 herein.

34. Officer Haskins was acting under the color of law at the time that he unlawfully arrested Plaintiff.

35. Officer Haskins was purportedly acting to enforce Choctaw and/or Oklahoma law pursuant to the authority granted to him by the City of Choctaw.

36. The City of Choctaw and its police department is responsible for the hiring, training, firing, promoting and disciplining of Choctaw police officers.

37. The City of Choctaw is responsible under respondeat superior under Oklahoma State law and the Oklahoma tort claims act for Officer Haskins actions.

38. The actions taken by Officer Haskins exhibited a deliberate indifference to the constitutionally protected rights of the Plaintiff on the part of Defendants and said actions were taken under the color of law pursuant to the authority granted to Officer Haskins as an City of Choctaw police officer.

39. As a direct and proximate result of the above described unlawful actions, Plaintiff suffered injuries.

40. Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment granting the following relief as against the Defendants herein:

41. Damages in excess of Seventy-five Thousand Dollars ($75,000.00) against the Defendants in an amount sufficient Mr. Ligon.

    A. The conscious pain, suffering and mental anguish suffered by Charles Ligon;

    B. Medical bills incurred;

    C. Violation of Constitutional rights;

    D. Punitive damages as determined by a jury;

    E. Reasonable attorney fees, expert fees and costs allowable under 42 U.S.C. § 1988;

    F. Any other relief as this court deems just and proper.

    G. Plaintiff requests a jury trial.

        Respectfully submitted,
        WALSH & FRANSEEN


        /s/ Derek S. Franseen
        Micky Walsh, OBA No. 9327
        Derek S. Franseen, OBA No. 30557
        200 E. 10th Street Plaza
        Edmond, OK 73034
        Telephone: (405) 843-7600
        Facsimile: (405) 606-7050
        Attorneys for Plaintiff